# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# (NASHVILLE DIVISION)

| | | |
|---|---|---|
| AMY BORNSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00461 |
| | ) | Judge Trauger |
| SUNTRUST BANK, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

**A.  JURISDICTION**: The court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

**B.  BRIEF THEORIES OF THE PARTIES:**

1) <u>Plaintiff Amy Bornstein</u>:

Ms. Bornstein stored priceless and valuable possession in a safe-deposit box located at one of Defendant SunTrust Bank's branches. In the process of remodeling, SunTrust drilled into Ms. Bornstein's safe-deposit box, removed the contents, placed some or all of those contents in a plastic bag, and shipped them to Orlando, FL. When Ms. Bornstein went to access her safe-deposit box shortly thereafter, she was shocked to learn that the box was no longer at the branch. The branch manager had the bag ostensibly containing the contents of Ms. Bornstein's safe-deposit box from Orlando to Nashville. Upon inspection, many of the items were missing or

1

broken. SunTrust was negligent and/or breached a contract with Ms. Bornstein, resulting in the damage to and the loss or theft of items entrusted to SunTrust's care.

2) <u>Defendant SunTrust Bank</u>:

Plaintiff Amy Bornstein claims that items she stored in her safe deposit box at SunTrust were lost or damaged when SunTrust – after giving notice to her -- retired the box and removed its contents when it remodeled the branch where the box was located. SunTrust denies that it breached any duty of care to Plaintiff in connection with its retirement of the box and denies that any items removed from the box were lost or damaged in any way whatsoever.

In 2008, Plaintiff opened a safe deposit box at the SunTrust branch on Hobbs Road in Nashville, Tennessee. In 2013, SunTrust decided to remodel the branch. To do so, it needed to eliminate or retire a section of safe deposit boxes at the branch. SunTrust sent letters to Plaintiff on two separate occasions advising her of its plans to retire the box and directing her to remove its contents. Both letters were sent to the address that Plaintiff provided when the box was opened. When Plaintiff failed to come to the branch to remove the contents of the box, the box was drilled on July 10, 2014, and its contents were removed, inventoried and stored in a safe and secure location. A third letter was then sent to Mrs. Bornstein advising her on how she could re-claim the contents removed from the box.

When Plaintiff finally contacted SunTrust - after the box was drilled and the contents removed -- SunTrust promptly had the items removed from storage and delivered to Plaintiff at the branch. When the items were returned, they were compared with the inventory taken when the box was drilled and the contents removed. The inventory revealed that each item had been returned to her except for certain ammunition. SunTrust affirmatively avers that the property

returned to Plaintiff was in the same condition when it was returned to her as it was when it was removed from the box on July 10, 2014.

**C.     ISSUES RESOLVED**: Jurisdiction and venue have been resolved. None of the other essential issues in this litigation have been resolved by the parties.

**D. ISSUES IN DISPUTE**:  Liability and damages.

**E. INTITIAL DISCLOSURES**:    The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before July 27, 2015.

**F. DISCOVERY:**   The parties shall complete all written discovery and depose all fact witnesses on or before February 5, 2016.  Discovery is not stayed during dispositive motions, unless ordered by the Court.  Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**G. MOTIONS TO AMEND:**    The parties shall file all Motions to Amend on or before February 19, 2016.

**H. JOINT MEDIATION REPORT:**    The parties shall concur on a date to file a joint mediation report on or before February 5, 2016.

**I. DISPOSITIVE MOTIONS:**    The parties shall file all dispositive motions on or before April 4, 2016.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response.  Briefs shall not exceed 20 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a

separate motion that gives justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**J. ELECTRONIC DISCOVERY:** The default standard contained in the Administrative Order No. 174 shall apply to this case.

**K. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately 2 days.

It is so **ORDERED.**

HON. ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


s/   Seth M. McInteer
Seth M. McInteer (T.B.R. No. 26471)
Howell O'Rear (T.B.R. No. 26509)
McInteer & O'Rear PLC
2801 12th Ave. S.
Nashville, TN  37204
Phone:  615-724-6206
Fax: 615-523-1311
seth@mcolawfirm.com
Howell@mcolawfirm.com

*Attorneys for Plaintiff*


s/   Garry K. Grooms
Garry K. Grooms (T.B.R. No. 12647)
Burr & Forman LLP
511 Union Street, Suite 2300
Nashville, TN 37219
Phone: 615-724-3200
Fax: 615-724-3290
ggrooms@burr.com

*Attorney for Defendant*